**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD C. HALL, | No. 13-56441 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01977-ABC-AJW |
| v. | |
| CITY OF LOS ANGELES, | MEMORANDUM* |
| Defendant, | |
| and | |
| MARK ARNESON, and KENNETH CROCKER, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted October 6, 2014
Pasadena, California

Before: EBEL,** KLEINFELD, and GRABER, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David M. Ebel, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

Plaintiff Harold C. Hall appeals the summary judgment entered in favor of Defendants Mark Arneson and Kenneth Crocker. Reviewing de novo, Ford v. City of Yakima, 706 F.3d 1188, 1192 (9th Cir. 2013) (per curiam), we affirm.

Hall's claim that his confession was coerced is barred by the doctrine of issue preclusion. The state trial court reached its decision in Hall's criminal case—finding that his confession was knowing, intelligent, and voluntary—after a full and fair process that involved a hearing, arguments, and a reasoned explanation of the answer. After Hall was convicted, he appealed to the California Supreme Court, which affirmed his judgment of conviction and thereby rejected the argument that his confession was coerced. This court later ordered that a writ of habeas corpus be granted, Hall v. Dir. of Corr. (Hall I), 343 F.3d 976, 985 (9th Cir. 2003) (per curiam), but on a completely different issue; no subsequent proceedings have concluded either that the trial court's voluntary-confession decision was erroneous or that the court making the decision lacked jurisdiction or acted in some other fundamentally invalid way, see Hall v. City of Los Angeles (Hall III), 697 F.3d 1059 (9th Cir. 2012); Hall v. City of Los Angeles (Hall II), No. 07-56853, 2009 WL 2020851 (9th Cir. July 13, 2009) (unpublished decision). Under California law, therefore, the trial court's decision on voluntariness was "final" because it was no longer subject to direct appeal. See People v. Sims, 651 P.2d

321, 332 (Cal. 1982) (defining finality under state law), superseded by statute on other grounds as stated in Gikas v. Zolin, 863 P.2d 745, 751–52 (Cal. 1993); People v. Cooper, 57 Cal. Rptr. 3d 389, 405–06 (Ct. App. 2007) (same).  There is no unfairness in applying issue preclusion in these circumstances.  See Lucido v. Superior Court, 795 P.2d 1223, 1226–27 (Cal. 1990) (looking to considerations of public policy before applying issue preclusion).

**AFFIRMED.**